# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 11, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DOUGLAS E. HOGAN,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0145**  (BOR Appeal No. 2047645)
(Claim No. 2011029622)

**UNITED COAL COMPANY, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Douglas E. Hogan, by John Shumate Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. United Coal Company, by Bradley Crouser, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 18, 2013, in which the Board affirmed a September 6, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's November 4, 2011, decision denying Mr. Hogan's request for temporary total disability benefits from September 8, 2011, through November 28, 2011. The Office of Judges affirmed in part and reversed in part the claims administrator's November 4, 2011, decision denying Mr. Hogan's request for a physical therapy referral and a referral to Rajesh Patel, M.D. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hogan injured his back on March 4, 2011, while changing the battery in a mantrip, and the claim was held compensable for thoracic strain and lumbar strain. On June 17, 2011, the claims administrator closed the claim for temporary total disability benefits. On September 8, 2011, Paul Oar, M.D., Mr. Hogan's treating physician, requested a physical therapy referral and

1

a referral to Dr. Patel based on Mr. Hogan's complaints of low back pain radiating into both legs and MRI results revealing a large paracentral disc extrusion at L5-S1. On October 7, 2011, Dr. Patel recommended that Mr. Hogan undergo a lumbar discectomy to treat a herniated nucleus pulposus at L5-S1 with resultant radiculopathy. On October 28, 2011, the StreetSelect Grievance Board found that Mr. Hogan only missed three days of work as a result of the March 4, 2011, injury and then returned to full duty. The Grievance Board further found that Dr. Oar did not discuss the relationship between Mr. Hogan's radiating back pain and the March 4, 2011, injury. It then concluded that Mr. Hogan's current complaints are unrelated to the March 4, 2011, injury. On November 4, 2011, the claims administrator denied the requested referrals to physical therapy and to Dr. Patel. On November 4, 2011, the claims administrator also denied Mr. Hogan's request for temporary total disability benefits from September 8, 2011, through November 28, 2011.

The Office of Judges affirmed the claims administrator's denial of the request for a physical therapy referral and held that physical therapy is not medically necessary or reasonably required for the treatment of the compensable injury. The Office of Judges also affirmed the claims administrator's denial of the request for temporary total disability benefits and held that Mr. Hogan was not temporarily and totally disabled as a result of the compensable injury. Finally, the Office of Judges reversed the claims administrator's denial of the request for a referral to Dr. Patel and authorized the visit.

Mr. Hogan has not appealed the denial of the request for authorization of physical therapy and United Coal Company has not appealed the authorization of the referral to Dr. Patel. Therefore, the sole issue on appeal to this Court is Mr. Hogan's entitlement to temporary total disability benefits.

The Office of Judges noted that the evidence of record indicates that Mr. Hogan suffered from pre-existing degenerative changes and a pre-existing disc herniation at L5-S1, dating to at least March of 2000. The Office of Judges found that Dr. Patel recommended, and ultimately performed, surgery to treat the pre-existing herniated disc. Mr. Hogan has testified that he was unable to work from September 8, 2011, through November 28, 2011. This interval includes the date of Mr. Hogan's lumbar discectomy and ensuing recovery period. The Office of Judges also noted that the evidence of record indicates that Mr. Hogan was unable to work from September 8, 2011, through November 28, 2011, as a result of the pre-existing disc herniation at L5-S1, and not as a result of the thoracic and lumbar sprains sustained on March 4, 2011. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision of January 18, 2013. We agree with the conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   June 11, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II